UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LANDS (#448561)                         CIVIL ACTION

VERSUS

STEVE RADER, ET AL.                              NO. 12-0732-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___9th___ day of April, 2013.

　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDON LANDS (#448561)                                            CIVIL ACTION

VERSUS

STEVE RADER, ET AL.                                                NO. 12-0732-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden Steve Rader, Msgt. Shirley Eby and Lt. Singleton, complaining that his constitutional rights were violated on January 29, 2012, when defendant Eby charged the plaintiff with a fabricated disciplinary report, accusing the plaintiff of "Aggravated Disobedience" and "Defiance". At a resulting disciplinary hearing conducted on January 30, 2012, the plaintiff was allegedly found guilty of the referenced charges and sentenced to thirty days of room confinement, to the loss of ninety days of accrued good-time credits, and to the loss of two weeks of canteen privileges. The plaintiff complains that defendant Singleton ordered the issuance of this report and that the report was discriminatory in nature, thereby violating the plaintiff's right to equal protection. Finally, the plaintiff complains that defendant Rader failed to respond to correspondence written by the plaintiff which complained of the foregoing conduct of defendants Eby and Singleton, failed to act upon the misconduct of his subordinate officers, and improperly denied the plaintiff's appeal of the resulting disciplinary sentence. The plaintiff prays for monetary damages and for restoration of his good-time credits.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought in forma pauperis by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S.

25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Id. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

The plaintiff's Complaint fails to state a claim cognizable in this Court. First, with regard to the plaintiff's claim for restoration of his good-time credits, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must be pursued in a federal habeas corpus proceeding, after the exhaustion of state court post-conviction remedies. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987). The plaintiff in the instant case complains of disciplinary charges which resulted, inter alia, in the loss of accrued good-time credits, and he prays that his good-time credits be restored. This claim necessarily calls into question the length of his confinement because a successful resolution thereof would result in his earlier release. Accordingly, this claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding after the exhaustion of state post-conviction remedies. See Preiser v. Rodriguz, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (holding that a prisoner's claim seeking the restoration of good-time credits may only be pursued in a federal habeas corpus

proceeding, after the exhaustion of state court remedies).[1]

Further, to the extent that the plaintiff seeks monetary damages resulting from the alleged false and discriminatory disciplinary charges, this claim must also be dismissed. In this regard, a prisoner's claim for monetary damages attributable to an alleged wrongful period of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the alleged unconstitutional disciplinary sentence would necessarily imply that the sentence, which resulted in the confiscation of accrued good-time credits, was wrongfully imposed. Since the plaintiff has failed to allege that the offending disciplinary sentence has been invalidated or called into question in a separate proceeding, the plaintiff's claim for monetary damages falls squarely within the holding of Heck v. Humphrey. See also Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying the Heck rule in the context of a prisoner's claim regarding the deprivation of good-time credits). Accordingly, the plaintiff's cause of action for monetary damages arising out of the alleged unconstitutional disciplinary charges has not yet accrued and must be dismissed. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

Finally, the Court finds that the plaintiff has failed to state a cause of action against defendant Rader regarding the defendant's alleged failure to take appropriate action in response to the plaintiff's

---

[1] The Court declines to consider the plaintiff's Complaint to be an application for federal habeas corpus relief because it appears that the plaintiff has not exhausted state court remedies relative to his claims as mandated by 28 U.S.C. § 2254(b)(1). The plaintiff does not allege that he has challenged his disciplinary board conviction or sentence in the state courts, and this Court's research demonstrates an absence of any decision by the Louisiana Supreme Court with respect to the conviction and sentence. See, e.g., Grant v. Harson, 2012 WL 1190257 (W.D. La., Feb. 9, 2012) (declining to construe § 1983 Complaint as a habeas application where the record was clear that the petitioner had not exhausted state court remedies).

disciplinary appeal and written complaint, either by disciplining the defendant's subordinate officers or by overturning the disciplinary sentence. The law is clear in this regard that an inmate is not constitutionally entitled to an investigation of his administrative claims or to a favorable response thereto. Specifically, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original). Accordingly, the plaintiff's claim asserted against defendant Rader of a failure to properly investigate, respond or take action in response to the plaintiff's administrative appeal and written complaint is without legal foundation, and this defendant is entitled to judgment as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A, without prejudice to the plaintiff's right to seek additional relief upon satisfaction of the requirements set forth in Heck v. Humphrey, supra.[2]

Baton Rouge, Louisiana, this 9th day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."